Johnson, J.
It is contended by the plaintiff in error that the demurrer to the petition should have been overruled by the court of appeals because the ordinance proposed by the initiative petition failed to comply with certain jurisdictional prerequisites to the holding of an election thereon, in that it sought to amend ordinance No. 253-1918, passed by the city council, without containing in full the entire text of that ordinance, or the entire section or sections of that ordinance which it sought to amend, and without containing a repeal of such section or sections of said ordinance; further, in that there was not filed with the auditor of the city of Cincinnati, nor with the council of the city, at the time of the filing of the initiative petition, the consents in writing of the owners of more than one- *294 half of the feet front of lots and lands abutting on the streets on which it is proposed to extend the street railway route; and, further, that the city planning commission had not approved of the same.
Defendants in error urge that the .judicial branch of the government has no authority to enjoin the legislative branch from exercising its right to legislate and they urge that the proceedings sought to be enjoined are steps authorized by the constitution, by which the people of the state and of the municipalities participate in legislation. They rely upon the case of Pfeifer v. Graves, Secretary of State, 88 Ohio St., 473, in which it is held that “This court has no authority to pronounce an opinion, a judgment or a decree upon a mere moot question as to whether a proposed law will conflict with the Constitution, if it shall be enacted by the general assembly, or be adopted by the people.” There is no doubt concerning that proposition. However, the contention here not only involves the validity of proposed legislation, if enacted, and as to this injunction will not lie, but presents the question whether those desiring to initiate certain municipal legislation have complied with preliminary prerequisites necessary to be fulfilled before an initiative ordinance, valid or invalid, may be submitted to the electors. Such preliminary steps are specifically prescribed by statute, Section 4227-1 et seq.
The petition in this case avers that the board of deputy supervisors are about to proceed with the expenditure of a large amount of public money in submitting to the electors an ordinance as to which *295 necessary preliminary steps to authorize such submission have not been taken in accordance with law. There is thus presented a different question than was presented in the case cited, and we are clear in the opinion that where the board of elections is about to expend the public money in the holding of a special election, for which the necessary preliminary steps have not been taken in accordance with mandatory provisions of the constitution or the statute, injunction is a proper remedy. (Green v. State Civil Service Commission, 90 Ohio St., 252, and Elyria Gas & Water Co. v. City of Elyria, 57 Ohio St., 374, 383.) But the question remains: Did the initiative petitioners in this case fail to fulfill the necessary preliminary steps in order to authorize the submission of the proposed initiative ordinance to the electors?
It will be observed that the original resolution was passed by the city board of administration and accepted by the street railway company in August, 1896, and that a revision thereof was made in 1918 by the city council, in accordance with the provisions of Section 2505d of the Rogers law in which section it is provided that the “municipal corporation shall have the power at the end of the twenty years from the passage of this act, and every fifteen years thereafter, to fix the rate of fare, car license fees and percentage tax on gross earnings, transfers and all other terms and conditions on which such railroad is operated in said city,” and that “the term shall be fixed by the Board of Administration, if there be such a board, and if there be none, then *296 by the common council or legislative body of the municipal corporation.”
Section 1f, Article II of the Constitution, provides : “The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law.”
It is contended that Section 4226, General Code, controls in this case and lays down the manner in which “such powers shall be exercised.” That section provides that no ordinance or by-law shall contain more than one subject, which shall be clearly expressed in its title; that “no by-law or ordinance, or section thereof, shall be revived or amended, unless the new by-law or ordinance contains the entire by-law or ordinance, or section revived or amended, and the by-law or ordinance, section or sections so amended shall be repealed. Each such by-law, resolution and ordinance shall be adopted or passed by a separate vote of the council and the yeas and nays shall be entered upon the journal.”
The ordinance in the proposed initiative petition does not purport to alter or make any change whatever in the original ordinance, as revised in 1918, being ordinance No. 253-1918. The proposed initiative ordinance leaves ordinance No. 253-1918 precisely as it is, but proposes to make an amendment or supplement to that ordinance by an extension along the route in the manner stated in the initiative ordinance. But does Section 4226, General Code, apply to the question before us ?
*297 Section 1f, Article II of the Constitution, quoted above, which reserves the initiative powers to the people of the municipality, provides that “such powers shall be exercised in the manner now or hereafter provided by law.”
The section relied on by the plaintiff in error, which we have quoted above, Section 4226, General Code, manifestly contemplates an ordinance or resolution or by-law which has been introduced and is adopted or passed by the council of the city, and provides for a yea and nay vote to be entered on the journal. It does not purport to provide the manner in which “such powers shall be exercised under the initiative and referendum provision.” But the legislature has provided for the exercise of the initiative and referendum powers by provisions which are found in Sections 4227-1 to 4227-12, inclusive, General Code.
Section 4227-4, General Code, provides that “Any initiative or referendum petition may be presented in separate parts but each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or other measure and each part of any referendum petition shall contain the number and a full and correct copy of the title of the ordinance or other measure sought to be referred.” A reading of the petition discloses that this requirement was complied with in this case.
The purpose of the statute was to carefully provide that there should be placed before the voters the full text of the particular thing upon which they were to vote. It would be manifestly cumbersome *298 and difficult of practical operation in many cases where the people desire to supplement an' ordinance already in existence, 'such as an extensive franchise-ordinance, to set out the full text of the ordinance which it is desired to supplement. The proposed initiative petition must in all cases “contain a full and correct copy of the title and text of the proposed ordinance” in order to comply with the above section. The constitutional provision cited in the briefs of counsel for the plaintiff in error, Section 16, Article II, which provides that “no law shall be revived, or amended unless the new act contains the entire' act revived, or the section or sections amended, and the section or sections so amended shall be repealed,” can have no application here, bec'aúse in this case it is the ordinance of a city that is being dealt with and there is no constitutional provision with reference to municipal ordinances similar to the one relating to statutes.
Section 1f, Article II, is a comprehensive grant of power to the people of municipalities, and the legislation with reference to its exercise is obviously such legislation as is found in the provisions of Section 4227-1 et seq., to which we have referred. We think this proposed initiative ordinance is a substantial compliance with the statutory provisions which have been passed to provide for the exercise of such power.
It is further contended that the demurrer should have been overruled because of the averment in the petition that there were not filed with the auditor the consents in writing to the proposed street railway 'extension of the owners of more than one-half *299 of the feet front of the lots and lands abutting on the streets, and that the city planning commission had not approved of the same.
The section of the General Code touching this matter is 9105, which provides that “No such grant shall, be made until there is produced to council * * * the written consent of the owners of more than one-half of the feet front of the lots and lands abutting on the street or public way.”
It is stated by counsel for the defendants in error that since the beginning of this case the initiative committee has secured the written consents of more than one-half of such abutting property owners to the proposed extension.
It will be observed that the statute does not require the securing of such consents as a condition precedent to the introduction of such an ordinance. into the council. The provision is that the grant shall not be made until they are produced. Of course if the council, or the people, should adopt such an ordinance without any necessary preliminary requisite, it would not be valid. If there have been, however, as counsel state, the necessary written consents filed, that objection will be obviated. And as held in Pfeifer v. Graves, supra, this court will not pass upon its validity in anticipation of its adoption.
It is also contended by the plaintiff in error that the acceptance by the street railway .company in 1896 of the resolution passed by the city through its board of administration constituted a contract between them, and that this contract cannot be impaired during its legal existence by the city or the *300 people without violating the federal and state constitutions, and this is true. (City of Cincinnati v. Public Utilities Commission, 98 Ohio St., 320.) But the question whether the proposed initiative ordinance would if adopted violate the provisions of the Rogers law, or impair a valid and legal contract made pursuant thereto, is a question that goes to the validity of the legislation itself. Under the well-settled rule stated in Pfeifer v. Graves, supra, if such an ordinance were introduced and pending in the city council “the court.would not pronounce a judgment or decree” on the question whether it would be constitutional if passed, and the same rule applies under the same authority when the legislation is pending before the electors. Of course if the electors adopt legislation which violates the constitution it will be invalid and all parties injuriously affected thereby will be protected by the courts.
It is also contended that the time having expired which is fixed by the statute for an election to be held after the initiated petition was filed, there is no power now to fix a time for such an election. Of course it is conceded that this time has expired by reason of the pendency of these injunction proceedings. We are convinced that the time which has been so occupied should not be counted in arriving at the period referred to. To hold otherwise would not only permit parties to benefit by their own unfounded actions, but would encourage pro-cedings whose purpose and effect would be to annul the constitutional .right reserved to the people.
The judgment of the court of appeals will be affirmed and this cause will be remanded to that *301 court for such order in the premises as is proper and in accordance with this opinion.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.